# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TARRY GREENE, | ) |
| Plaintiff, | ) )  |
| v. | ) No. 4:09-CV-1326-DJS |
| JOHN DOE #1, et al., | ) ) ) |
| Defendants. | ) |

## *MEMORANDUM AND ORDER*

This matter is before the Court upon the motion of Tarry Greene (registration no. 121583), an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court finds that plaintiff has no money in his inmate account, and therefore, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons set forth below, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint and Amended Complaint**

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983. In addition, plaintiff brings a state-law claim for the intentional infliction of emotional distress. Named as defendants are the St. Louis City Police Department and four of its police officers. Plaintiff alleges that he was falsely arrested, kidnapped, assaulted, robbed, and terrorized by defendants.

**Discussion**

Plaintiff brings this action against the defendant police officers in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.

1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted with regard to the four defendant police officers.

The complaint is also legally frivolous as to the "St. Louis City Police Department," because this is not a suable entity under § 1983. *See Crigler v. City of St. Louis*, 767 F.Supp. 197, 198 (E.D. Mo. 1991).

Moreover, the Court notes that to the extent plaintiff is attempting to assert a due process claim based on the loss of personal property, the allegations fail to state a claim cognizable under § 1983 and are legally frivolous. Although the due process clause may be implicated when an individual suffers a loss of property, if the taking of

property is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property. *See* Mo. R. Civ. P. 99.01 - 99.15. Furthermore, no due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Because plaintiff's federal claims will be dismissed, the remaining pendent state claim should be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint [Doc. #5] is **DENIED** as moot.[1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  21st  day of September, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as matter of course any time before a responsive pleading is served. If a responsive pleading has been filed, a plaintiff is required to obtain leave of Court prior to filing an amended complaint. To date, no responsive pleading has been filed in this case. As such, under these circumstances, plaintiff may file an amended complaint without obtaining leave of Court.